■ ELIZABETH CREEL et al., Respondents, v CROWN PUBLISHERS, INC., Appellant.—Order of the Supreme Court, New York County (Edward J. Greenfield, J.), entered January 29, 1985, which, *inter alia,* denied defendant's motion for an order dismissing the complaint pursuant to CPLR 3211 (a) (7) and granted plaintiffs' cross motion for summary judgment on the issue of liability on the first and second causes of action in the complaint, is unanimously reversed, on the law, without costs, the motion by defendant granted and plaintiff's cross motion denied.

This action arises out of defendant's publication in 1983 of a book, "World Guide to Nude Beaches and Recreation," in which a picture of the plaintiffs appeared on one page. Plaintiffs allege in the complaint that the publication of their picture was without their written consent, asserting various causes of action.

The author, Lex Baxandall, stated that he was President of Naturalists, Inc., which promoted a movement encouraging a more healthy and natural perception of the human body. In the 1980's, he saw the "naturalist beach" phenomenon as worldwide. The guide here was to document and interpret the movement, with a listing of nude beaches around the world. The textual material was interspersed with pictures, including the plaintiffs' photograph.

The photographer, Ronald Snipe, swore in an affidavit that, in July 1982, he was vacationing on the island of St. Maarten in the Caribbean; that he met the plaintiffs and visited a beach there; and, with their oral consent, took pictures for the Baxandall publication. Apparently, this picture of plaintiffs which appeared in the book was just one of approximately 100 photos taken by him of them at that time.

Defendant Crown Publishers, Inc., moved for dismissal of the complaint pursuant to CPLR 3211 (a) (7) and the plaintiffs cross-moved for summary judgment on liability with respect to

the first two causes of action, which claimed a violation of Civil Rights Law §§ 50 and 51.

Special Term granted the plaintiffs summary judgment as to liability, with a later assessment of damages. It found that the publication of the photographs was for purposes of trade within the Civil Rights Law and rejected any claim that such pictures were "newsworthy." It saw the primary purpose of the book as one to print 200 pictures of totally exposed persons, and not the dissemination of any information. In Special Term's view, the photograph's use was designed to promote the commercial sales of the defendant's book, and hence violated the Civil Rights Law. We disagree and reverse.

The photograph at issue, if within the Civil Rights Law, requires written consent by the person depicted before any trade or business use. The statutory provisions, Civil Rights Law §§ 50 and 51, read (§ 50 in whole, § 51 in pertinent part):

"§ 50. Right of privacy.

"A person, firm or corporation that uses for advertising purposes, or for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such person, or if a minor of his or her parent or guardian, is guilty of a misdemeanor.

"§ 51. Action for injunction and for damages.

"Any person whose name, portrait or picture is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained as above provided may maintain an equitable action in the supreme court".

It is well settled that "[a] picture illustrating an article on a matter of public interest is not considered used for the purpose of trade or advertising within the prohibition of the statute * * * unless it has no real relationship to the article * * * or unless the article is an advertisement in disguise." *(Dallesandro v Holt & Co.,* 4 AD2d 470, 471, *appeal dismissed* 7 NY2d 735, citations omitted.)

The courts have always interpreted sections 50 and 51 narrowly so as not to apply to publications concerning newsworthy events or matters of public interest *(Stephano v News Group Pub.,* 64 NY2d 174, 184). This stems not only from a desire to give effect to the legislative intent behind the statute but also "reflects Federal and State constitutional concerns for free dissemination of news and other matters of interest to the public" *(id.).*

A guide to beaches where nude bathing is permitted is a matter of some public interest and the use of photographs

with the text is protected by constitutional safeguards and is outside the protection of the Civil Rights Law. The focus of inquiry in applying the "public interest" exception is not only upon the particular photograph but also upon the article or book within which the photograph appears. Here, the photograph was utilized to illustrate a guide book which disseminated information concerning a matter of public interest and was not, therefore, utilized for purposes of "trade" within the meaning of the Civil Rights Law. That plaintiffs may deem the use of the photograph "offensive" cannot vitiate its use once the finding has been made that such use is outside the scope of sections 50 and 51 *(see, Arrington v New York Times Co.,* 55 NY2d 433; *Murray v New York Mag. Co.,* 27 NY2d 406).* Concur—Kupferman, J. P., Sandler, Asch, Bloom and Rosenberger, JJ.