■ IRA CHERNICK, Appellant, v FLORA ROTHSTEIN, Respondent. [612 NYS2d 77] —In an action to recover damages for

defamation and injurious falsehood, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated July 9, 1992, as, upon reargument, adhered to the original determination granting the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the action for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover damages for injurious falsehood and defamation arising from alleged slanderous statements made by the defendant during an election campaign for the board of directors of a condominium where both parties resided. The Supreme Court granted the defendant's motion to dismiss the action for failure to state a cause of action.

We agree with the Supreme Court that the alleged remarks attributed to the defendant do not constitute slander, slander per se, or injurious falsehood, and that the complaint was properly dismissed *(see generally, Liberman v Gelstein,* 80 NY2d 429). The remarks, when construed in their full context and interpreted based on the understanding of the reasonable person, constituted personal opinion and rhetorical hyperbole rather than objective fact, and thus are not actionable *(see generally, 600 W. 115th St. Corp. v Von Gutfeld,* 80 NY2d 130, *cert denied* — US —, 113 S Ct 2341; *Polish Am. Immigration Relief Comm. v Relax,* 189 AD2d 370; *Golub v Esquire Publ.,* 124 AD2d 528). Moreover, the challenged statements were protected by a qualified privilege *(see generally, Liberman v Gelstein, supra).*

In light of our determination, we need not reach the appellant's remaining contention regarding special damages. Balletta, J. P., Miller, Lawrence and Goldstein, JJ., concur.