■ VIVIAN L. HAUSCH, Appellant, v SHEILA R. CLARKE et al., Respondents. [748 NYS2d 264] —In an action to recover damages

for defamation per se, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered November 1, 2001, which granted the motion of the defendants Bruce Diamond, Review-Press Reporter, also known as Review Press, Journal News, and Gannett Satellite Information Network, Inc., to dismiss the complaint insofar as asserted against them and, sua sponte, dismissed the complaint insofar as asserted against the defendants Sheila R. Clarke, Leslie B. Maron, Bill Williams, also known as William Williams, and Village of Tuckahoe.

Ordered that on the Court's own motion, that portion of the notice of appeal which purports to be from so much of the order as, sua sponte, dismissed the complaint insofar as asserted against the defendants Sheila R. Clarke, Leslie B. Maron, Bill Williams, also known as William Williams, and Village of Tuckahoe, is treated as an application for leave to appeal, and leave to appeal that portion of the order is granted (see CPLR 5701 [a] [2]; [c]); and it is further,

Ordered that the order is affirmed, with one bill of costs.

Under the circumstances of this case, the Supreme Court properly determined that the plaintiff failed to plead the alleged defamation in accordance with CPLR 3016 (a). Unlike the case of *Pappalardo v Westchester Rockland Newspapers* (101 AD2d 830, *affd for reasons stated at App Div* 64 NY2d 862), in this case, perusal of the newspaper articles the plaintiff annexed to her complaint does not reveal the allegedly defamatory material. In this situation, the plaintiff must set forth the specific statements that allegedly were defamatory. However, she failed to do so.

In light of our determination, we need not reach the plaintiff's remaining contentions. Altman, J.P., Florio, O'Brien and H. Miller, JJ., concur.