■ ERIC ROSENFELD, Appellant, v MARK H. SAYERS et al., Respondents. [858 NYS2d 382]—

In an action to recover damages for breach of fiduciary duty and tortious interference with contract, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Dolan, J.), dated October 16, 2007, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion pursuant to CPLR 3211 (a) (7) which was to dismiss the first cause of action alleging tortious interference with contract and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

In his complaint, the plaintiff alleged that nonparty Corpus

Christi Associates (hereinafter Corpus Christi), a limited partnership, executed and delivered to nonparty Vernon Young a note in the sum of $5,000,000. The plaintiff further alleged that Young immediately assigned the note to the plaintiff and the defendant Theodore R. Sayers "jointly."

In addition, the plaintiff alleged in his complaint that the defendant Paramount Louisiana Realty Corp. (hereinafter Paramount), which Theodore R. Sayers and the defendant Mark H. Sayers had "complete control of," was Corpus Christi's sole general partner. The plaintiff alleged that although he was a coholder of the note, Theodore R. Sayers and Mark H. Sayers caused Paramount to direct Corpus Christi to make payments under the note only to themselves.

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court should "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez,* 84 NY2d 83, 87-88 [1994]). Applying these principles, the Supreme Court erred in dismissing the plaintiff's first cause of action, which sufficiently pleaded a cause of action to recover damages for tortious interference with contract (*see White Plains Coat & Apron Co., Inc. v Cintas Corp.,* 8 NY3d 422, 426 [2007]; *Kronos, Inc. v AVX Corp.,* 81 NY2d 90, 94 [1993]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Rivera, Angiolillo and McCarthy, JJ., concur.