■ C & E 608 FIFTH AVENUE HOLDING, INC., Respondent, v SWISS CENTER, INC., Appellant. [863 NYS2d 655]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered July 18, 2006, which, to the extent appealed from as limited by the briefs, denied defendant's cross motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, affirmed, with costs.

The express language of the lease did not give defendant landlord unfettered discretion to ignore the tenant's requests for approval of signage. And if the landlord's conduct as alleged is eventually established, it may also demonstrate a violation of the implied covenant of good faith and fair dealing (*see Just-Irv Sales v Air-Tite Bus. Ctr.*, 237 AD2d 793 [1997]). Concur—Saxe, J.P., Nardelli and Acosta, JJ.

Moskowitz and DeGrasse, JJ., concur in a separate memorandum by Moskowitz, J., as follows: Because the lease at issue does not by its express terms require a response from the landlord, I cannot agree with the majority that there is a breach of a lease provision. However, I agree that plaintiff has stated a cause of action for breach of the covenant of good faith and fair dealing. Therefore, I concur.

Defendant Swiss Center, Inc. is the landlord of 608 Fifth Avenue in Manhattan. Plaintiff Chalano & Co. leases ground level retail space in the premises pursuant to a standard form store lease. This litigation involves a sign that plaintiff erected in the upper windows of the leased premises.

Article 41 of the lease governs plaintiff's use of signage on the interior and exterior of the premises and states in relevant part:

"Except as hereinafter provided in this article, TENANT shall not erect, place, or maintain any sign, advertisement or notice visible from the exterior of the demised premises except on the window glass and the entrance door or doors of the demised premises. Any such sign, advertisement, or notice shall be of such size, color, content and style as LANDLORD shall prior to the erection or placing thereof have approved in writing . . .

"TENANT may at its own cost and expense erect a dignified sign or symbol in conformity with the architectural design of the exterior of the building to be placed on the exterior of the demised premises. Before erecting any such sign or symbol TENANT shall secure LANDLORD's approval, in writing of the design, material, size and location thereof, which approval shall not be unreasonably withheld or delayed, and TENANT shall likewise secure LANDLORD's approval in writing of the manner of its attachment to the building so it does not damage the exterior marble."

Pursuant to the first paragraph above governing interior signs, plaintiff sought approval from defendant on at least five occasions, but allegedly received no response. Eventually, plaintiff installed the signs in the upper windows of the premises, as it had proposed to defendant. On or about December 28, 2005, defendant served plaintiff with a notice of default, alleging that plaintiff's failure to obtain prior written approval was a breach of the lease.

It is true that the lease required written approval from defendant before plaintiff could erect an interior sign. It is also true that the language restricting defendant from unreasonably withholding its approval for exterior signs does not appear in the first paragraph governing interior signs. Therefore, we cannot read into the contract language a requirement that defendant respond to plaintiff's request (*see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004] ["when parties set down their agreement in a clear, complete document, their writing should . . . be enforced according to its terms. We have also emphasized this rule's special import in the context of real property transactions, where commercial certainty is a paramount concern" (internal quotation marks and citations omitted)]).

However, "exercise of an apparently unfettered discretionary contract right breaches the implied obligation of good faith and fair dealing if it frustrates the basic purpose of the agreement and deprives plaintiffs of their rights to its benefits" (*Hirsch v Food Resources, Inc.*, 24 AD3d 293, 296 [2005]). While the express language of the lease did not *prohibit* defendant from unreasonably withholding or delaying its approval for interior

signs, the lease also did not give defendant the right to ignore plaintiff's requests for approval (*see Zurakov v Register.Com, Inc.*, 304 AD2d 176, 179 [2003] [claim for good faith and fair dealing viable even where contract's express terms did not prohibit offending conduct]).