■ LISA SCHWARTZ, Respondent, v HAROLD SCHWARTZ, Defendant, and SCHWARTZ BROTHERS YERUSHA, LLC, Appellant. [866 NYS2d 573]—In an action, inter alia, to recover damages for fraud, conversion, and unjust enrichment, the defendant Schwartz Brothers Yerusha, LLC, appeals from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated April 7, 2007, as denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the allegations in the complaint should be accepted as true (see *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Such a motion should be granted only where, even viewing the allegations as true, the plaintiff still cannot establish a cause of action (see *Morales v Copy Right, Inc.*, 28 AD3d 440, 441 [2006]; *Hartman v Morganstern*, 28

AD3d 423, 424 [2006]; *Asgahar v Tringali Realty, Inc.*, 18 AD3d 408, 409 [2005]).

Contrary to the appellant's contention, the complaint sufficiently pleaded causes of action alleging fraud (*see Richmond Shop Smart, Inc. v Kenbar Dev. Ctr., LLC*, 32 AD3d 423 [2006]), conversion (*see Hearst v Hearst*, 50 AD3d 959, 962-963 [2008]; *Gilman v Abagnale*, 235 AD2d 989, 991 [1997]), and unjust enrichment (*see Snitovsky v Forest Hills Orthopedic Group, P.C.*, 44 AD3d 845 [2007]; *Cruz v McAneney*, 31 AD3d 54, 59 [2006]). The complaint also stated a cause of action for the imposition of a constructive trust (*see Cruz v McAneney*, 31 AD3d 54, 58-59 [2006]; *Panish v Panish*, 24 AD3d 642, 643 [2005]).

The appellant's remaining contentions are without merit. Rivera, J.P., Lifson, Miller and Eng, JJ., concur.