■ MONEX FINANCIAL SERVICES, LTD., et al., Respondents-Appellants, v DYNAMIC CURRENCY CONVERSION, INC., et al., Appellants-Respondents, et al., Respondent. [878 NYS2d 432]—In an action, inter alia, to recover damages for tortious interference with contract, the defendants Dynamic Currency Conversion, Inc., and Mark Silverman appeal from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated March 26, 2008, as denied those branches of their motion, made jointly with the defendant David Nahor, among other things, pursuant to CPLR 3211 (a) (7), which were to dismiss the causes of action to recover damages for tortious interference with contract insofar as asserted against them, and the causes of action to recover damages for tortious interference with business relations and tortious interference with prospective business relations insofar as asserted against the defendant Mark Silverman, and the plaintiffs cross-appeal from so much of the same order as granted those branches of the defendants' motion which were to dismiss the causes of action to recover damages for tortious interference with contract insofar as asserted against the defendant David Nahor, the causes of action to recover damages for tortious interference with business relations and tortious interference with prospective business relations insofar as asserted against the defendants Dynamic Currency Conversion, Inc., and David Nahor, and the cause of action to recover damages for unjust enrichment against all defendants.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the defendants' motion which was to dismiss the cause of action to recover damages for tortious interference with prospective business relations insofar as asserted against the defendant Mark Silverman, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof granting that branch of the defendants' motion which was to dismiss the cause of action to recover damages for unjust enrichment and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court should "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez,* 84 NY2d 83, 87-88 [1994]; *see Schwartz v Schwartz,* 55 AD3d 897 [2008]). Applying these principles, the Supreme Court properly denied those branches of the defendants' motion which were to dismiss the first and second causes of action insofar as asserted against the defendants Dynamic Currency Conversion, Inc., and Mark Silverman, which sufficiently pleaded causes of action to recover damages for tortious interference with contract (*see White Plains Coat & Apron Co., Inc. v Cintas Corp.,* 8 NY3d 422, 426 [2007]; *Rosenfeld v Sayers,* 51 AD3d 998, 999 [2008]). Moreover, the complaint sufficiently pleaded a cause of action sounding in unjust enrichment (*see Schwartz v Schwartz,* 55 AD3d at 898; *Cruz v McAneney,* 31 AD3d 54, 59 [2006]; *Citibank, N.A. v Walker,* 12 AD3d 480, 481 [2004]). The latter cause of action did not plead a quantum meruit theory; therefore, the plaintiffs were not required to plead that they performed services for the defendants (*see AHA Sales, Inc. v Creative Bath Prods., Inc.,* 58 AD3d 6, 19-20 [2008]; *cf. Kagan v K-Tel Entertainment,* 172 AD2d 375, 376 [1991]).

However, the cause of action to recover damages for tortious interference with prospective business relations also should have been dismissed insofar as asserted against Silverman, since the plaintiffs did not plead that Silverman or any of the defendants was motivated solely by malice or to inflict injury by unlawful means, beyond mere self interest or other economic considerations (*see Alexander & Alexander of N.Y. v Fritzen,* 68 NY2d 968, 969 [1986]; *Shared Communications Servs. of ESR, Inc. v Goldman Sachs & Co.,* 23 AD3d 162 [2005]; *Simaee v Levi,* 22 AD3d 559 [2005]).

The parties' remaining contentions are without merit. Fisher, J.P., Dillon, Leventhal and Chambers, JJ., concur. [*See* 19 Misc 3d 1113(A), 2008 NY Slip Op 50674(U).]