■ KENNETH H. BROWN & CO., INC., Doing Business as BROWN'S DRIVING SCHOOL, Appellant, v DUTCHESS WORKS ONE-STOP EMPLOYMENT & TRAINING CENTER, INC., et al., Respondents. [904 NYS2d 75]—

In an action, inter alia, to recover damages for tortious interference with business relations, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated July 30, 2008, which granted that branch of the motion of the defendants Dutchess Works One-Stop Employment & Training Center, Inc., and Frederick R. Fister, and that branch of the separate motion of the defendant Dutchess County Work Force Investment Board, Inc., which were, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The defendants Dutchess County Work Force Investment Board, Inc. (hereinafter DCWIB), and Dutchess Works One-Stop Employment & Training Center, Inc. (hereinafter Dutchess Works) (hereinafter together the respondents), are not-for-profit corporations which provide, inter alia, employment and training services in the Dutchess County area under the federal Workforce Investment Act (hereinafter the Act) (29 USC §§ 2801-2945). Under the Act, the government will pay for qualifying individuals to attend an approved training program. Individuals select a program from an eligible training provider list provided by the local board, here, DCWIB. To be placed on that list, providers of training services must meet specified initial eligibility requirements (*see* 29 USC § 2842 [b]). To remain on the list, providers must meet subsequent eligibility requirements (*see* 29 USC § 2842 [c]). The local board, here, the

DCWIB, may define requirements in addition to those which the Act itself establishes (*see* 29 USC § 2842 [c] [6]).

The defendant Dutchess Works is charged with helping individuals choose an appropriate program, which includes providing information, inter alia, on the performance of a particular training program (*see* 29 USC § 2864 [d] [4] [F] [ii] [II]). The plaintiff is an eligible training provider for individuals seeking to obtain a Commercial Driver's License (hereinafter a CDL). In approximately 2004, the plaintiff began receiving fewer students from Dutchess Works. Kenneth H. Brown, the president of the plaintiff, believed that Dutchess Works was discouraging students from attending his school. In response to his concern, the defendant Frederick R. Fister, the Executive Director of Dutchess Works, informed him that Dutchess Works was obligated to present its clients with sufficient information to make an informed choice about which program to attend. Fister noted that the information Dutchess Works shared with individuals seeking a CDL indicated that less than 50% of the clients sent to the plaintiff's school secured jobs after training, while 96% of the clients sent to a competitor secured jobs after training.

In November 2005, DCWIB established policies and procedures relating to eligibility and subsequent eligibility for training providers, which required training providers to report program results on an ongoing basis, and established procedures relating to written student complaints, or disconfirming annual data.

The plaintiff commenced this action, inter alia, to recover damages for alleged violations of the Act and for tortious interference with prospective business relations. Prior to the filing of the instant motions, the Supreme Court dismissed the complaint as to some of the individual defendants. Subsequently, the respondents separately moved, among other things, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them, and the Supreme Court granted those branches of the respondents' motions. We affirm.

To the extent that the fourth cause of action seeks to recover damages for tortious interference with business relations, the Supreme Court properly dismissed that cause of action, as the plaintiff did not plead that any of the respondents was motivated solely by malice or intended to inflict injury by unlawful means (*see Alexander & Alexander of N.Y. v Fritzen*, 68 NY2d 968, 969 [1986]; *Monex Fin. Servs., Ltd. v Dynamic Currency Conversion, Inc.*, 62 AD3d 675, 676 [2009]; *Shared Communications Servs. of ESR, Inc. v Goldman Sachs & Co.*, 23 AD3d 162, 163 [2005]).

The fifth cause of action alleging that the respondents acted in concert to interfere with the plaintiff's business was properly dismissed because the underlying cause of action alleging tortious interference was improperly pleaded and, in any event, "a mere conspiracy to commit a [tort] is never of itself a cause of action" (*Alexander & Alexander of N.Y. v Fritzen*, 68 NY2d at 969 [internal quotation marks omitted]; *see Small v Lorillard Tobacco Co.*, 94 NY2d 43, 57 [1999]; *Cash v Titan Fin. Servs., Inc.*, 58 AD3d 785, 787 [2009]).

The respondents also demonstrated that the plaintiff was not entitled to recover damages under the Act, since the statute does not make an express provision for civil damages, and a private right of action cannot fairly be implied for the plaintiff under these circumstances (*see Hammer v American Kennel Club*, 1 NY3d 294, 299 [2003]; *Carrier v Salvation Army*, 88 NY2d 298, 302 [1996]; *Sheehy v Big Flats Community Day*, 73 NY2d 629, 633 [1989]). Moreover, the policies about which the plaintiff complained were authorized under the Act, and were consistent with its stated goals (*see* 29 USC §§ 2811, 2864 [d] [4] [F]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Angiolillo, Dickerson and Roman, JJ., concur.