■ Bronwyn M. Black-Kelly, Respondent-Appellant, v Christopher Marley, Appellant-Respondent. [921 NYS2d 568]—

In an action to recover damages for defamation, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Burke, J.), dated January 27, 2003, as denied those branches of his motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action for failure to state a cause of action and for costs and an attorney's fee, and the plaintiff cross-appeals from so much of the same order as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action for failure to state a cause of action.

Ordered that the order is modified, on the law, by deleting the provision denying that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action for failure to state a cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendant.

Under the circumstances of this case, the Supreme Court properly dismissed, for failure to state a cause of action, the second cause of action to recover damages for defamation, but erred in determining that the plaintiff sufficiently pleaded a cause of action to recover damages for defamation under the first cause of action in accordance with CPLR 3016 (a). The defendant's writings, cited in their entirety in the complaint, do not reveal the allegedly defamatory material (*cf. Pappalardo v Westchester Rockland Newspapers*, 101 AD2d 830 [1984], *affd* 64 NY2d 862 [1985]). The plaintiff's failure to set forth the specific statements that allegedly were defamatory warrants dismissal of the complaint (*see Hausch v Clarke* 298 AD2d 429 [2002]).

The complaint, however, was not "without any reasonable basis in law or fact," and the plaintiff's conduct did not warrant an award of costs or an attorney's fee to the defendant (CPLR 8303-a [c] [ii]). Therefore, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was for costs and an attorney's fee.

In light of our determination, we need not reach the parties' remaining contentions. Dillon, J.P., Florio, Balkin and Eng, JJ., concur.