■ VINCENT POLIMENI et al., Appellants, v ASBESTOS LEAD & HAZARDOUS WASTE LABORERS' LOCAL 78, Respondent. [932 NYS2d 350]—

As the Supreme Court correctly concluded, the first cause of action to recover damages pursuant to Civil Rights Law §§ 50 and 51 for invasion of the plaintiff Vincent Polimeni's right of privacy fails to state a cause of action upon which relief can be granted, as the flyer on which Polimeni's name and photograph appeared was not used for advertising or trade purposes (*see Kane v Orange County Publs.*, 232 AD2d 526, 526-527 [1996]; *cf. Beverley v Choices Women's Med. Ctr.*, 78 NY2d 745, 751 [1991]). Moreover, the flyer falls within the public interest exception to Civil Rights Law §§ 50 and 51 (*see Messenger v Gruner + Jahr Print. & Publ.*, 94 NY2d 436, 441 [2000]; *Freihofer v Hearst Corp.*, 65 NY2d 135, 141 [1985]; *Walter v NBC Tel. Network, Inc.*, 27 AD3d 1069, 1070-1071 [2006]; *Creel v Crown Publs.*, 115 AD2d 414, 415-416 [1985]).

The Supreme Court also properly granted that branch of the defendant's motion which was to dismiss the second cause of action to recover damages for defamation of Polimeni's character. CPLR 3016 (a) requires that the allegedly defamatory material be set forth in the complaint. Although the flyer was annexed to the complaint (*see Pappalardo v Westchester Rockland Newspapers*, 101 AD2d 830 [1984], *affd* 64 NY2d 862 [1985]), a perusal of the flyer does not reveal the allegedly defamatory material and, thus, dismissal of that cause of action is required (*see Black-Kelly v Marley*, 83 AD3d 981 [2011]; *Hausch v Clarke*, 298 AD2d 429, 430 [2002]).

Finally, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the fourth cause of action to permanently enjoin the defendant from trespassing on the property of the plaintiff Shelvin Plaza Associates, LLC (*see Merkos L'Inyonei Chinuch, Inc. v Sharf*, 59 AD3d 403, 408 [2009]). Florio, J.P., Dickerson, Chambers and Cohen, JJ., concur.