In an action, inter alia, to recover damages for defamation, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Solomon, J.), dated November 19, 2008, which granted the motion of the defendants Daily News, William Sherman, and Andrew Theodorakis to dismiss the complaint insofar as asserted against them pursuant to CFLR 3211 (a), and (2) from an order of the same court dated November 18, 2010, *816 which denied his motion for leave to replead his complaint pursuant to CPLR 3211 (e).
Ordered that the orders are affirmed, with one bill of costs to the respondents Daily News, William Sherman, and Andrew Theodor akis.
In March and April 2008, the defendant Daily News published two newspaper articles regarding a real property transaction involving the plaintiff. The plaintiff commenced this action alleging defamation and misappropriation of his image in violation of Civil Rights Law § 50.
The defendants Daily News, William Sherman, and Andrew Theodorakis (hereinafter collectively the Daily News defendants) moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, and the Supreme Court granted that motion. The plaintiff then moved for leave to re-plead his complaint and the Supreme Court denied that motion.
On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Leon v Martinez, 84 NY2d 83, 87 [1994]). “In determining whether a complaint states a cause of action to recover damages for defamation, the. dispositive inquiry is whether a reasonable listener or reader could have concluded that the statements were conveying facts about the plaintiff’ (Goldberg v Levine, 97 AD3d 725, 725 [2012]; see Gross v New York Times Co., 82 NY2d 146, 152-153 [1993]). “The issue of distinguishing between actionable fact and non-actionable opinion is a question of law for the court” (Gjonlekaj v Sot, 308 AD 2d 471, 474 [2003]; see Springer v Almontaser, 75 AD3d 539, 541 [2010]; Kamalian v Reader’s Digest Assn., Inc., 29 AD3d 527, 528 [2006]). Moreover, CPLR 3016 (a) provides, in part, that “the particular words complained of shall be set forth in the complaint” when an action to recover damages for defamation is brought.
Here, the first and second causes of action, which alleged defamation, failed to comply with the pleading requirement of CPLR 3016 (a), as the plaintiff failed to set forth the specific statements that allegedly were defamatory. Although the plaintiff annexed to his complaint a portion of the first article, which appeared online on the Daily News’s website, and the entire online version of the article, a reading of the annexed articles does not reveal the allegedly defamatory material (see Polimeni v Asbestos Lead & Hazardous Waste Laborers’ Local *817 78, 89 AD3d 826, 827 [2011]; Black-Kelly v Marley, 83 AD3d 981 [2011]; Hausch v Clarke, 298 AD2d 429 [2002]; cf. Pappalardo v Westchester Rockland Newspapers, 101 AD2d 830 [1984], affd 64 NY2d 862 [1985]). The plaintiff’s failure to identify the specific statements that allegedly were defamatory warranted dismissal of the complaint.
Furthermore, even when the statements contained in the articles annexed by the plaintiff to the complaint are considered, those statements consist of protected expressions of opinion (see Mann v Abel, 10 NY3d 271, 276 [2008], cert denied 555 US 1170 [2009]; Brian v Richardson, 87 NY2d 46, 50-51 [1995]; Goldberg v Levine, 97 AD3d 725, 725 [2012]; Kamalian v Reader’s Digest Assn., Inc., 29 AD3d 527, 528 [2006]; Mogil v Zaia Enters., 230 AD2d 778, 779 [1996]; Shinn v Williamson, 225 AD2d 605, 606 [1996]), or are simply not defamatory (see Golub v Enquirer/ Star Group, 89 NY2d 1074, 1076 [1997]). Accordingly, dismissal of the first and second causes of action was also warranted pursuant to CPLR 3211 (a) (7).
In addition, the Supreme Court properly determined that the plaintiff did not state a cause of action for the misappropriation of his image pursuant to Civil Rights Law § 50. The complaint does not adequately allege facts that would establish that the subject photograph, which accompanied a newspaper article, was used for advertising or trade purposes (see Messenger v Gruner + Jahr Print. & Publ., 94 NY2d 436, 441 [2000]; Farrow v Allstate Ins. Co., 53 AD3d 563 [2008]; Delan v CBS, Inc., 91 AD2d 255, 259 [1983]).
Further, the Supreme Court properly denied the plaintiffs motion for leave to replead his complaint pursuant to CPLR 3211 (e). The plaintiff was not entitled to leave to replead, since his proposed pleading is palpably insufficient as a matter of law and is totally devoid of merit (see Janssen v Incorporated Vil. of Rockville Ctr., 59 AD3d 15, 27 [2008]). Rivera, J.P., Chambers, Austin and Roman, JJ., concur.