■ ANDREW M. KLAPPER, M.D., Appellant, v RENEE GRAZIANO et al., Defendants, and WEINSTEIN COMPANY et al., Respondents. [10 NYS3d 560]—

In an action, inter alia, to recover damages for defamation and tortious interference with existing contracts and prospective business relationships, the plaintiff appeals from an order of the Supreme Court, Kings County (Graham, J.), dated June 13, 2013, which granted the motion of the defendants Weinstein Company, JustJenn Productions, VH1, Marrow Media Company, Music & Logo Group Viacom, Inc., Electus, and Left/Right, Inc., pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against them and for an award of an attorney's fee to the defendant Left/Right, Inc.

Ordered that the order is affirmed, with costs.

In January 2011, the plaintiff agreed to participate in a reality television show entitled "Mob Wives," and signed an "Appearance Release" in which he agreed, in relevant part, "not to sue and irrevocably and unconditionally release, waive and forever discharge" the defendant Left/Right, Inc., as well as its "past, present and future parents, subsidiaries . . . , affiliates, divisions, agents, representatives, employees, successors and assigns, jointly and individually . . . , from any and all man-

ner of liabilities, claims and demands of any kind or nature, whatsoever, in law or equity, whether known or unknown, which [the plaintiff or his assigns, agents, and/or representatives] ever had, now has, or in the future may have against [them]."

Following his participation in the reality show, the plaintiff commenced this action against several individual and corporate defendants alleging, inter alia, defamation and tortious interference with existing contracts and prospective business relationships. The defendants Weinstein Company, JustJenn Productions, VH1, Marrow Media Company, Music & Logo Group Viacom, Inc., Electus, and Left/Right, Inc. (hereinafter collectively the corporate defendants), moved pursuant to CPLR 3211 (a) (1), (5) and (7) to dismiss the amended complaint insofar as asserted against them for failure to state a cause of action and based upon the "Appearance Release," and for an award of an attorney's fee to the defendant Left/Right, Inc. The Supreme Court granted the motion.

The Supreme Court properly directed the dismissal of the causes of action alleging tortious interference with existing contracts and prospective business relationships insofar as asserted against the corporate defendants for failure to state a cause of action. With respect to the cause of action alleging tortious interference with existing contracts, the amended complaint did not identify the third party with whom the plaintiff was engaging in business relations (*see White Plains Coat & Apron Co., Inc. v Cintas Corp.*, 8 NY3d 422, 426 [2007]; *Parekh v Cain*, 96 AD3d 812, 816 [2012]). With respect to the cause of action alleging tortious interference with prospective business relationships, the complaint alleged that the corporate defendants were motivated by the economic objective of enhancing ratings, and, therefore, did not allege that they were motivated solely by malice or to inflict injury by unlawful means (*see Monex Fin. Servs., Ltd. v Dynamic Currency Conversion, Inc.*, 62 AD3d 675, 676 [2009]).

Contrary to the plaintiff's contention, the appearance release he signed in January 2011 bars his remaining causes of action against the defendant Left/Right, Inc., and the other corporate defendants. Such releases, which are commonly used in the entertainment industry, are enforceable and should not lightly be set aside. The allegations against the corporate defendants are insufficient to demonstrate willful or grossly negligent acts or intentional misconduct which would render the appearance release unenforceable (*see Abacus Fed. Sav. Bank v ADT Sec. Servs., Inc.*, 18 NY3d 675, 683 [2012]; *Kalisch-Jarcho, Inc. v*

*City of New York*, 58 NY2d 377, 385 [1983]). Apart from vague, unsubstantiated claims of conspiracy and concerted action, there is no allegation that the corporate defendants did anything other than what would normally be expected of the producers of a reality show. Therefore, the appearance release is enforceable.

Contrary to the plaintiff's contention, the terms of the appearance release were sufficiently broad to cover each of the corporate defendants, since each of the corporate defendants may be considered an agent or representative of Left/Right, Inc., in the production of the reality show. Indeed, the plaintiff alleged in the amended complaint that Left/Right, Inc., acted in concert with the other corporate defendants in producing the reality show. The plaintiff's interpretation of the appearance release, which would limit its application to Left/Right, Inc., and its corporate "affiliates," defined narrowly as corporations under the control of Left/Right, Inc., or related by common ownership, is unavailing in light of the parties' intentions, as manifested by the terms of the appearance release (*see Solco Plumbing Supply, Inc. v Hart*, 123 AD3d 798, 800 [2014]; *Givati v Air Techniques, Inc.*, 104 AD3d 644, 645 [2013]). The clear intent of the appearance release was to release from liability Left/Right, Inc., and those acting with it or on its behalf to produce the reality show (*see Kass v Kass*, 91 NY2d 554, 567 [1998]).

The plaintiff's remaining contentions are without merit. Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.