■ HOLLISWOOD OWNERS CORP. et al., Appellants, v EVE RIVERA et al., Respondents. [44 NYS3d 159]—

In an action, inter alia, to recover damages for defamation, the plaintiffs appeal, in part by permission, from an order of the Supreme Court, Queens County (Hart, J.), entered July 15, 2015, which granted the defendants' motion pursuant to CPLR 3211 to dismiss the complaint and sua sponte directed, in effect, that any counsel fees paid by the plaintiffs to their attorneys in connection with this action must be turned over to the defendants' attorney and held in escrow by him pending further order of the court.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing, in effect, that any counsel fees paid by the plaintiffs to their attorneys in connection with this action must be turned over to the defendants' attorney and held in escrow by him pending further order of the court; as so modified, the order is affirmed, with costs to the defendants.

In this action, the plaintiffs, Holliswood Owners Corp., a housing cooperative corporation (hereinafter the Co-op), and A. Michael Tyler Realty, the managing agent for the Co-op (hereinafter the managing agent), seek injunctive relief and to recover damages as a result of various statements allegedly made by the defendants, shareholders in the Co-op who challenged the manner in which the Co-op board and managing agent were handling the affairs of the Co-op. The Supreme Court granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint and sua sponte directed, in effect, that any counsel fees paid by the plaintiffs to their attorneys in connection with this action must be turned over to the defendants' attorney and held in escrow by him pending further order of the court. The plaintiffs appeal.

On a pre-answer motion to dismiss pursuant to CPLR 3211 (a) (7), a court is required to "accept as true each and every allegation made by plaintiff and limit [its] inquiry to the legal sufficiency of plaintiff's claim" (*Silsdorf v Levine*, 59 NY2d 8, 12 [1983]). Nevertheless, the Supreme Court was permitted to

consider the writings which contained the statements at issue, as well as an affidavit submitted by the plaintiffs in support of their earlier order to show cause seeking, in effect, injunctive relief (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Abakporo v Daily News*, 102 AD3d 815, 816-817 [2013]; *Daub v Future Tech Enter., Inc.*, 65 AD3d 1004, 1005 [2009]).

The Supreme Court correctly granted that branch of the motion which was to dismiss the first and second causes of action, which sound in defamation. "Since falsity is a necessary element of a defamation cause of action and only 'facts' are capable of being proven false, 'it follows that only statements alleging facts can properly be the subject of a defamation action' " (*Gross v New York Times Co.*, 82 NY2d 146, 152-153 [1993], quoting *600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d 130, 139 [1992]). Distinguishing between fact and opinion is a question of law for the courts, to be decided based on "what the average person hearing or reading the communication would take it to mean" (*Steinhilber v Alphonse*, 68 NY2d 283, 290 [1986]; *see Mann v Abel*, 10 NY3d 271, 276 [2008]; *Galanova v Safir*, 138 AD3d 686, 687 [2016]).

In distinguishing between facts and opinion, the factors the court must consider are (1) whether the specific language has a precise meaning that is readily understood, (2) whether the statement is capable of being proven true or false, and (3) whether the context in which the statement appears signals to readers that the statement is likely to be opinion, not fact (*see Mann v Abel*, 10 NY3d at 276; *Steinhilber v Alphonse*, 68 NY2d at 292). "The dispositive inquiry . . . is whether a reasonable [reader] could have concluded that [the statements were] conveying facts about the plaintiff" (*Gross v New York Times Co.*, 82 NY2d at 152 [internal quotation marks omitted]; *see Immuno AG. v Moor-Jankowski*, 77 NY2d 235, 254 [1991]; *Melius v Glacken*, 94 AD3d 959, 960 [2012]).

In this case, the challenged statements are nonactionable opinion. Many of the statements do not have a precise meaning; others are hyperbolic and incapable of being proven true or false. In the context of a dispute regarding control of the Co-op board, no reasonable person could have concluded that the defendants' statements were conveying facts about the plaintiffs (*see e.g. Steinhilber v Alphonse*, 68 NY2d at 293-294; *Goldberg v Levine*, 97 AD3d 725, 726 [2012]; *Galasso v Saltzman*, 42 AD3d 310, 310-311 [2007]; *Chernick v Rothstein*, 204 AD2d 508, 509 [1994]; *see also 600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d at 139). In addition, the plaintiffs' allegations with regard to statements allegedly made to a landscaper by

two unspecified defendants fail to meet the specificity requirements of CPLR 3016 (a), even considering the affidavit of the landscaper submitted by the plaintiffs (*see Lemieux v Fox*, 135 AD3d 713, 714-715 [2016]; *Black-Kelly v Marley*, 83 AD3d 981, 981 [2011]; *Epifani v Johnson*, 65 AD3d 224, 233 [2009]; *Fusco v Fusco*, 36 AD3d 589, 591 [2007]; *Dillon v City of New York*, 261 AD2d 34, 38 [1999]).

The Supreme Court also correctly granted that branch of the motion which was to dismiss the plaintiffs' third cause of action, sounding in tortious interference with prospective business relationships. To establish a cause of action alleging tortious interference with prospective business relationships, a plaintiff must demonstrate, inter alia, that the defendant interfered by means that were "not lawful," to wit, "the defendant's conduct must amount to a crime or an independent tort," or must be done "for the sole purpose of inflicting intentional harm on plaintiffs" (*Carvel Corp. v Noonan*, 3 NY3d 182, 189-190 [2004] [internal quotation marks omitted]; *see NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 624 [1996]; *Monex Fin. Servs., Ltd. v Dynamic Currency Conversion, Inc.*, 62 AD3d 675, 676 [2009]). As noted, the plaintiffs failed to plead an independent tort of defamation. In addition, the complaint alleges that the defendants were motivated by desires other than a desire to inflict harm on the plaintiffs. Thus, the third cause of action fails to state a claim (*see Klapper v Graziano*, 129 AD3d 674, 675 [2015]; *Dune Deck Owners Corp. v Liggett*, 85 AD3d 1093, 1095 [2011]; *Adler v 20/20 Cos.*, 82 AD3d 915, 918 [2011]; *Monex Fin. Servs., Ltd. v Dynamic Currency Conversion, Inc.*, 62 AD3d at 676).

Although the Supreme Court properly granted the motion to dismiss the complaint, it improvidently exercised its discretion in sua sponte directing, in effect, that any counsel fees paid by the plaintiffs to their attorneys in connection with this action must be turned over to the defendants' attorney and held in escrow by him pending further order of the court (*see generally Matter of Nathan F.T. [Nathan H.]*, 110 AD3d 820, 821 [2013]).

In light of our determination, the defendants' remaining contention need not be reached. Dillon, J.P., Dickerson, Maltese and Duffy, JJ., concur.