Melniker v Melniker (2019 NY Slip Op 01650)





Melniker v Melniker


2019 NY Slip Op 01650


Decided on March 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2019

Renwick, J.P., Manzanet-Daniels, Tom, Kahn, Gesmer, JJ.


8618 651052/15

[*1]Lawrence A. Melniker, Plaintiff-Respondent,
v
Eileen Melniker, Defendant-Appellant.


Larry M. Carlin, New York, for appellant.
Albert PLLC, New York (Craig J. Albert of counsel), for respondent.



Order, Supreme Court, New York County (Laura E. Drager, J.), entered August 30, 2018, which, insofar as appealed from as limited by the briefs, denied defendant wife's motion for a determination that the parties' pendente lite stipulation dated March 7, 2008, entered into in connection with the parties' discontinued first divorce action, is binding on plaintiff husband, summary judgment on her counterclaim in the second divorce action for arrears pursuant to the March 7, 2008 stipulation, and to consolidate this proceeding with the counterclaim in the first divorce action previously ordered to be transferred to Family Court, unanimously affirmed, without costs.
The doctrine of judicial estoppel does not apply to plaintiff's 2011 affidavit in American Express Centurion Bank v Melniker (Sup Ct, NY County, Index No. 113400/2008), and therefore does not prevent plaintiff from arguing that the parties' March 7, 2008 stipulation terminated upon discontinuance of the first divorce action in 2008, because plaintiff did not obtain the relief he requested in the motion supported by the affidavit (see MPEG LA, LLC v Samsung Elecs. Co., Ltd., 166 AD3d 13, 21 [1st Dept 2018], lv denied 32 NY3d 912 [2018]). The motion was denied.
Plaintiff's December 9, 2008 agreement to continue the March 7, 2008 stipulation is unenforceable under Domestic Relations Law (DRL) § 236(B)(3). The agreement was not "intended to settle" the matrimonial case (compare Rubenfeld v Rubenfeld, 279 AD2d 153, 156, 154 [1st Dept 2001]). It was an interim agreement expressly entered into as a stopgap measure pending a final settlement (which never came to pass) (cf. Matisoff v Dobi, 90 NY2d 127 [1997] [applying DRL § 236(B)(3) to invalidate unacknowledged property agreement entered into during marriage]).
Defendant objects to plaintiff's opposition to her motion for summary judgment, which was accompanied solely by an attorney affirmation. However, she failed to show that the court relied on any factual matters in the affirmation that were not within the attorney's personal knowledge. Moreover, the affirmation served as the vehicle for the submission of admissible evidence (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]).
Moreover, the affirmation, based on counsel's own inquiries, establishes that the Supreme Court file in the parties' first divorce action was never transferred to Family Court, and defendant presented no evidence to the contrary. The specific notice procedures for dismissal of an action [*2]pursuant to CPLR 3216 are inapplicable, as there is nothing in the record to suggest that there ever was an action in Family Court.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 7, 2019
CLERK