Monaghan v Cole (2019 NY Slip Op 02953)





Monaghan v Cole


2019 NY Slip Op 02953


Decided on April 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2019

Richter, J.P., Manzanet-Daniels, Kahn, Gesmer, Oing, JJ.


9014 650099/18

[*1]William S. Monaghan as Trustee of the Monaghan Qualified Personal Residence Trust, Plaintiff-Respondent,
v
Eric Cole, Defendant-Appellant.


Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Ethan A. Kobre of counsel), for appellant.
Profeta & Eisenstein, New York (Jethro M. Eisenstein of counsel), for respondent.



Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered August 20, 2018, which granted plaintiff's motion for summary judgment declaring defendant in default under the parties' contract of sale of real property and that plaintiff is entitled to the contract deposit as damages, and so declared, and denied defendant's motion for summary judgment, unanimously affirmed, without costs.
During the parties' negotiations over the transfer of a cooperative apartment owned by the Monaghan Qualified Personal Residence Trust to defendant, plaintiff trustee was in litigation against the cooperative corporation, alleging that the board wrongfully conditioned its consent to his transfer of the unit upon his purchase of additional shares. The contract of sale executed by the parties provided that plaintiff had "not entered into, shall not enter into, and has no actual knowledge of any agreement (other than the Lease) affecting title to the Unit or its use and/or occupancy after Closing, or which would be binding on or adversely affect Purchaser after Closing (e.g., a sublease or alteration agreement)" (paragraph 4.1.7), and that plaintiff had advised defendant, and defendant acknowledged, that plaintiff was in a dispute with the cooperative about the number of shares allocable to his unit, that defendant acknowledged that plaintiff had no obligation to resolve the dispute, and that plaintiff "may, in [his] sole and absolute discretion, settle the dispute on any terms [plaintiff] finds acceptable, and [defendant's] consent is not required in connection with any such settlement" (paragraph 34 of the contract rider).
Defendant's argument that, in view of the above-quoted provisions, plaintiff's absolute discretion to resolve his dispute with the cooperative may not be construed to permit a settlement imposing terms that would bind or adversely affect defendant after closing is unsustainable in the face of paragraph 31 of the contract rider. Paragraph 31 provides, in pertinent part, "To the extent that there may be any conflict or inconsistency between provisions of this Rider [and] any provisions of the main body of this Contract of Sale . . ., the provisions of this Rider shall govern." The parties expressly agreed that the rider would override any inconsistent provisions in the contract (see Pandey v Pierce, 158 AD3d 460 [1st Dept 2018]).
Defendant's argument that plaintiff abused his discretion, which could not be exercised to "frustrate the purpose of the agreement," is also unavailing. The settlement did not frustrate the purpose of the contract, which was the sale of the apartment to defendant. Moreover, the discretion afforded plaintiff under the rider was bounded only by the Side Letter, which defendant does not contend was breached by plaintiff (cf. C & E 608 Fifth Ave. Holding, Inc. v Swiss Ctr., Inc., 54 AD3d 587, 587 [1st Dept 2008] [defendant did not have "unfettered" discretion]), and plaintiff's dispute and pending settlement with the cooperative was out in the open at all relevant times (cf. Richbell Info. Servs. v Jupiter Partners, 309 AD2d 288, 294 [1st [*2]Dept 2003] [defendants entered into "secret" agreement designed to insure plaintiffs' default and allow defendants to purchase plaintiffs' interest in joint venture at "collusive foreclosure" prices]).
On plaintiff's motion, the attorney affirmation properly served as the vehicle for the submission of admissible evidence on which the court relied (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]; Melniker v Melniker, ___ AD3d ___, 2019 NY Slip Op 01650, *1 [1st Dept, Mar. 7, 2019]). Defendant does not challenge the admissibility of that evidence.
Defendant argues that the court erred in considering plaintiff's reply affidavit because it contained new material. However, the representations in the affidavit were contained in earlier submissions. In particular, the contract (at paragraph 4.1.6) and the Purchaser's Rider (at paragraph 58), both annexed to plaintiff's initial motion papers, state that, to plaintiff's knowledge, all alterations were in compliance with applicable law and no Building Department violations had been issued. In opposition, defendant submitted no evidence to raise an issue of fact as to the validity of these contractual representations.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 18, 2019
CLERK