255 Butler Assoc., LLC v 255 Butler, LLC (2019 NY Slip Op 04345)





255 Butler Assoc., LLC v 255 Butler, LLC


2019 NY Slip Op 04345


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-03243
 (Index No. 511560/15)

[*1]255 Butler Associates, LLC, respondent,
v
255 Butler, LLC, et al., appellants.


Heller Horowitz & Feit, P.C., New York, NY (Eli Feit and Stuart A. Blander of counsel), for appellants.
Sills, Cummis & Gross, P.C., New York, NY (Mitchell D. Haddad and Katherine M. Lieb of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the defendants appeal from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated February 21, 2018. The order denied the defendants' motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was to dismiss the cause of action to recover damages for tortious interference with prospective economic relations, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The underlying facts of this appeal are summarized in the companion appeals decided herewith (255 Butler Associates, LLC v 255 Butler, LLC, __ AD3d __ [Appellate Division Docket No. 2016-04374; and 255 Butler Associates, LLC v 255 Butler, LLC, __ AD3d __ [Appellate Division Docket No. 2017-10260]). The plaintiff tenant, 255 Butler Associates, LLC, commenced this action after being served with notice that it was in default under the terms of a commercial lease (hereinafter the lease) entered into between it and the defendant landlord 255 Butler, LLC. In the first cause of action in the amended complaint, the plaintiff sought a judgment declaring, inter alia, that it did not default under the lease and enjoining the landlord from terminating the lease. The second cause of action sought to recover damages for breach of the implied covenant of good faith and fair dealing. The third cause of action sought to recover damages for breach of the covenant of quiet enjoyment. The fourth cause of action, which was asserted against the landlord as well as the individual members of the landlord, sought to recover damages for tortious interference with prospective economic relations. The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint, and that motion was denied in an order dated February 21, 2018. The defendants appeal.
In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), "the [*2]complaint must be accorded a liberal construction, the facts as alleged therein must be accepted as true, and the plaintiff must be accorded the benefit of every favorable inference" (Elow v Svenningsen, 58 AD3d 674, 674). The "sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (Guggenheimer v Ginzburg, 43 NY2d 268, 275). A party seeking dismissal pursuant to CPLR 3211(a)(1) "on the ground that its defense is based on documentary evidence must submit documentary evidence that resolves all factual issues as a matter of law and conclusively disposes of the plaintiff's claim" (Elow v Svenningsen, 58 AD3d at 675; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 88).
Contrary to the defendants' contention, the documentary evidence they submitted failed to conclusively establish that the plaintiff defaulted under the lease by failing to "diligently pursue" the conversion of the building located on the subject property "into a multi unit commercial property." In addition, the amended complaint properly stated a cause of action to recover damages for breach of the implied covenant of good faith and fair dealing by alleging that the landlord's unlawful conduct destroyed and/or frustrated the tenant's right "to receive the fruits of the [lease]" (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153 [internal quotation marks omitted]; see C & E 608 Fifth Ave. Holding, Inc. v Swiss Ctr., Inc., 54 AD3d 587, 587; Outback/Empire I, Ltd. Partnership v Kamitis, Inc., 35 AD3d 563, 563). The amended complaint also stated a cause of action to recover damages for breach of the covenant of quiet enjoyment by alleging that the tenant was deprived of the beneficial use of the subject property based on the landlord's alleged wrongful service of notices of default and termination (see generally TDS Leasing, LLC v Tradito, 148 AD3d 1079, 1080; Joylaine Realty Co., LLC v Samuel, 100 AD3d 706, 707). The defendants' submissions failed to demonstrate, as a matter of law, that the plaintiff remained in possession of the subject property and, thus, was not constructively evicted (see Prakhin v Fulton Towers Realty Corp., 122 AD3d 601, 603).
Nevertheless, construing the amended complaint in the light most favorable to the plaintiff, it fails to state a cause of action to recover damages for tortious interference with prospective economic relations. The facts alleged in the amended complaint establish that the defendants' alleged actions were motivated by self-interest and other economic considerations, and not for the sole purpose of harming the plaintiff (see Holliswood Owners Corp. v Rivera, 145 AD3d 968, 970; Law Offs. of Ira H. Leibowitz v Landmark Ventures, Inc., 131 AD3d 583, 586; Devash LLC v German Am. Capital Corp., 104 AD3d 71, 79; Out of Box Promotions, LLC v Koschitzki, 55 AD3d 575, 577). Moreover, the acts attributed to the individual members of the landlord were committed in their capacity as corporate officers, and the plaintiff failed to adequately allege independent torts committed by them (see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 16 NY3d 775, 776; Travelsavers Enters. v Analog Analytics, Inc., 149 AD3d 1003, 1007). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the cause of action to recover damages for tortious interference with prospective economic relations.
AUSTIN, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court