InkMango, Inc. v Warren (2025 NY Slip Op 06279)

InkMango, Inc. v Warren

2025 NY Slip Op 06279

Decided on November 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 18, 2025

Before: Scarpulla, J.P., Friedman, O'Neill Levy, Chan, JJ. 

Index No. 152802/24|Appeal No. 5194|Case No. 2024-07464|

[*1]InkMango, Inc. Doing Business as The Juggernaut, Plaintiff-Appellant,
v
Katie Warren et al., Defendants-Respondents.

Law Office of Richard A. Altman, New York (Richard A. Altman of counsel), for appellant.
Davis Wright Tremaine LLP, New York (Elizabeth A. McNamara of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about November 8, 2024, which granted defendants' motion to dismiss the complaint under CPLR 3211(g) and awarded defendants costs, disbursements, and reasonable attorneys' fees in accordance with Civil Rights Law § 70-a(1)(a), unanimously affirmed, without costs.
Plaintiff InkMango, Inc. doing business as The Juggernaut, is an independent media startup that focuses on South Asian news. Defendant Business Insider (BI) is a news organization that focuses on financial and business news. Defendant Katie Warren was a reporter for BI.
Plaintiff's defamation claims concern a March 5, 2024 BI article, written by Warren, entitled "The Juggernaut promised to revolutionize South Asian news. But insiders say the company's founder misled investors, struggled to raise money, and left workers heartbroken." Plaintiff alleged that the article contained false and defamatory statements and pleaded claims for libel and libel per se. Supreme Court granted defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7) and New York's anti-SLAPP statute (CPLR 3211[g]) and Civil Rights Law §§ 70-a and 76-a.
Supreme Court properly found that plaintiff's defamation claims involve "public petition and participation" so as to fall within the anti-SLAPP law (Civil Rights Law § 76-a[1]), triggering the "substantial basis" standard for dismissal under CPLR 3211(g). This standard requires plaintiff to sustain a heightened burden of demonstrating that its defamation claims have a substantial basis in law (see Reeves v Associated Newspapers, Ltd., 232 AD3d 10, 19 [1st Dept 2024], lv dismissed 44 NY3d 990 [2025]). As a result, plaintiff must establish by clear and convincing evidence that the relevant communication was made with knowledge of its falsity or with reckless disregard of whether it was false (Civil Rights Law § 76-a; Kipper v NYP Holdings Co., Inc., 12 NY3d 348, 354 [2009]; VIP Pet Grooming Studio, Inc. v Sproule, 224 AD3d 78, 83 [2d Dept 2024]).
Plaintiff's complaint fails to allege facts sufficient to sustain its heightened burden. Initially, plaintiff's argument on appeal that Supreme Court erred in failing to analyze the article at issue as a whole and instead reviewed only a few passages from the article for their potentially defamatory content, is meritless. Supreme Court specifically held that, upon reading the entire article and looking at the allegedly defamatory statements within the context of the article, the statements at issue were non-actionable opinion.
Moreover, the complaint did not identify the entire article as defamatory, nor did plaintiff assert a claim for defamation by implication or raise that issue before Supreme Court (see CPLR 3016[a]; Carey v Carey, 220 AD3d 477, 478 [1st Dept 2023]), and plaintiff cannot now amend its complaint via its appellate brief (G & Y Maintenance Corp. v Core Cont. Constr. LLC, 215 AD3d 553, 554 [1st Dept 2023]).
Plaintiff's assertion that the article's initial headline was defamatory also fails, as plaintiff did not make that allegation in the complaint (see CPLR 3016[a]; Abakporo v Daily News, 102 AD3d 815, 816-817 [2d Dept 2013]). As a result, Supreme Court did not consider the argument, and it is therefore not properly before us. Further, as noted above, because plaintiff did not assert a cause of action for defamation by implication, it cannot now assert that the headline was defamatory by implication.
Supreme Court also properly found that the complaint did not sufficiently allege actual malice. Plaintiff faults defendants for inadequate investigation but provides no specific facts to show that they entertained serious doubts about the truth of the statements or acted with reckless disregard of the truth or falsity of the statements. Plaintiff does not dispute that defendants fact-checked the article with plaintiff and other sources, and defendants submitted ample evidence of the process by which defendants undertook its investigation into plaintiff's business. Plaintiff's belief that the animus of one source, a former employee whose relationship with the reporter was divulged in the article, is evidence of actual malice is insufficient on its own to establish that defendants acted with reckless disregard of the truth or falsity of a statement (see Carey, 220 AD3d at 479).
Finally, Supreme Court properly granted defendants attorneys' fees under Civil Rights Law § 70-a(1)(a) (see Aristocrat Plastic Surgery P.C. v Silva, 206 AD3d 26, 32 [1st Dept 2022]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2025