■ SHARED COMMUNICATIONS SERVICES OF ESR, INC., Appellant, v GOLDMAN SACHS & Co., Respondent. [803 NYS2d 512]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered November 4, 2004, dismissing the complaint, unanimously modified, on the law, the cause of action for tortious interference with contract reinstated, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered November 1, 2004, which granted defendant's motion pursuant to CPLR 3211 to dismiss the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The substantive law of New York applies to the analysis of plaintiff's claims on defendant's motion to dismiss. Plaintiff clearly and unambiguously argued in the United States District Court for the Southern District of New York, on its application to have this case remanded to state Supreme Court, that its complaint only alleged causes of action arising under state law, and thus New York law was properly applied (*see American Fuel Corp. v Utah Energy Dev. Co., Inc.*, 122 F3d 130, 134 [2d Cir 1997]).

The claim for tortious interference with prospective business relations failed to include the necessary allegation that defendant's conduct was motivated solely by malice or to inflict injury by unlawful means, beyond mere self-interest or other economic considerations (*see Prestige Foods v Whale Sec. Co.*, 243 AD2d 281, 282 [1997]). On the other hand, the allegations of tortious interference with contract set forth a cognizable claim, for which malice is not a necessary element (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]; *Snyder v Sony Music Entertainment*, 252 AD2d 294, 299 [1999]). Finally, civil conspiracy is not recognized as an independent tort in this State (*see Bell v Alden Owners*, 299 AD2d 207, 209 [2002], *lv denied* 100 NY2d 506 [2003]). Concur—Buckley, P.J., Tom, Mazzarelli, Marlow and Catterson, JJ.