■ ADAM BROOK, M.D., PH.D., et al., Appellants, v PECONIC BAY MEDICAL CENTER et al., Respondents, et al., Defendants. [59 NYS3d 310]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered October 18, 2016, which, insofar as appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint to the extent of dismissing the first, second, fourth, seventh, eighth, ninth, and tenth causes of action, and portions of the third, fifth, and sixth causes of action, unanimously modified, on the law, to deny defendants' motion to dismiss the first and ninth causes of action, and except to the extent indicated herein, to deny the motion to dismiss the third, fifth, and sixth causes of action, and otherwise affirmed, without costs.

Plaintiff Dr. Adam Brook, a cardiothoracic and general surgeon, seeks damages and equitable and declaratory relief against his former employer, defendant Peconic Bay Medical Center (PBMC), and a number of its employees, in connection with PBMC's filing of an Adverse Action Report (AAR) with the National Practitioner Data Bank (NPDB) in connection with an October 2, 2009 laparoscopic appendectomy during which

Dr. Brook removed part of a patient's fallopian tube. The AAR states that Dr. Brook resigned from PBMC while under, or to avoid, investigation relating to professional competence or conduct. Dr. Brook asserts that he resigned after being fraudulently assured that he was not, and would not be placed, under investigation.

By letter, dated June 25, 2012, the U.S. Department of Health & Human Services (HSS), determined that there was "no basis on which to conclude that the [AAR] should not have been filed . . . or . . . [was] not accurate, complete, timely, or relevant." The letter stated that HSS was "explicitly making *no finding concerning whether PBMC's investigation was warranted*, whether you met the standard of care or whether *due process* was afforded to you according to PBMC's Bylaws or NY state laws. It is clear from the record that PBMC determined that you departed from the standard of care; the Secretary is poorly positioned to question a health care entity's conclusion i[n] these types of matters. *Due process issues must be resolved between you and the reporting entity* and do not affect the reportability of your voluntary surrender of clinical privileges. Under the dispute resolution process, the *Secretary can only review* (1) *whether the action is reportable* under applicable law and regulations and (2) whether the Report *accurately describes the reporter's action and reasons for action*" (emphasis added).

In July 2012, plaintiffs, proceeding as John Does, brought an action against HHS, the NPDB, and associated individuals, in the U.S. District Court for the District of Columbia, asserting that the federal defendants' acceptance and maintenance of the AAR was unlawful, arbitrary and capricious, and seeking review under the Administrative Procedure Act (APA) (5 USC § 706 [2] [A]).

By order, dated June 17, 2015, the court granted the federal defendants' motion for summary judgment, in part, to the extent of dismissing the first cause of action to set aside the AAR as arbitrary and capricious, and an abuse of discretion, except for the question of whether the statement " 'the Hospital's quality assurance review . . . indicates departures . . . from standard of care . . .' is reportable" (139 F Supp 3d 120, 170 [D DC 2015]). Upon remand, that issue was not decided in plaintiffs' favor.

The court rejected Dr. Brook's challenge to PBMC's description of his cutting of a fallopian tube as "inadvertent" (*id.* at 129 and n 5), and found that the Secretary's conclusion that Dr. Brook was under investigation at the time that he resigned and acceptance of an untimely AAR were not arbitrary or capricious (*id.* at 143, 152).

The doctrine of collateral estoppel is inapplicable to the claims herein, except as noted above, based upon a lack of an identity of issues (*see generally D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]). Indeed, as conceded by the Secretary, the scope of HSS's review of the filing of the AAR was limited, as was that of the district court (*see Natural Resources Defense Council, Inc. v Muszynski*, 268 F3d 91, 97 [2d Cir 2001]). Accordingly, the motion court should not have dismissed portions of the third (fraud), fifth (negligent misrepresentation), and sixth (promissory estoppel) causes of action, on the grounds of collateral estoppel, and that those claims, except to the extent that they rely upon plaintiffs' challenge to the timeliness of the AAR and the claim that Dr. Brook inadvertently removed a portion of the patient's fallopian tube, should be reinstated. The motion court also should not have precluded plaintiffs from supporting their ninth (tortious interference with prospective economic advantage) and tenth (prima facie tort) causes of action with allegations concerning the filing of the AAR.

Plaintiffs, who seek to enforce Dr. Brook's right to notice of an investigation, something provided for in PBMC's bylaws, stated a cause of action for breach of contract (*see Giannelli v St. Vincent's Hosp. & Med. Ctr. of N.Y.*, 160 AD2d 227, 232 [1st Dept 1990]; *Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr.*, 59 AD3d 473, 480 [2d Dept 2009]). Unlike in *Mason v Central Suffolk Hosp.* (3 NY3d 343 [2004]), the determination to terminate hospital privileges is not at issue here. However, the cause of action for breach of the covenant of good faith and fair dealing was properly dismissed as it merely restates the breach of contract claim.

Plaintiffs' allegations, including that defendants submitted documents to a federal agency falsely reflecting that Dr. Brook had been suspended (*see* 18 USC § 1001 [a] [federal filing of false statements is criminal]) and fraudulently told him that he was not under investigation, allege wrongful conduct sufficient to state a claim for tortious interference with prospective economic advantage (*see Purgess v Sharrock*, 33 F3d 134, 141 [2d Cir 1994]).

The alleged defamatory statements are governed, at the very least, by a qualified privilege which defense may can only be overcome by a showing of malice (*see Foster v Churchill*, 87 NY2d 744, 751-752 [1996]). Plaintiffs' conclusory allegations of malice were insufficient to overcome this privilege (*see Sborgi v Green*, 281 AD2d 230 [1st Dept 2001]), and the allegation that defendants conspired to eliminate Dr. Brook as a competitor

demonstrate that actual malice was not their sole motive for making the statements (*see Liberman v Gelstein*, 80 NY2d 429, 439 [1992]).

. The cause of action for breach of fiduciary duty was properly dismissed as an employer-employee relationship, without more, does not give rise to a fiduciary duty (*see Rather v CBS Corp.*, 68 AD3d 49, 55 [1st Dept 2009], *lv denied* 13 NY3d 715 [2010]; *Freedman v Pearlman*, 271 AD2d 301, 305 [1st Dept 2000]).

A cause of action for unfair competition has not been stated as plaintiffs failed to "allege the bad faith misappropriation of a commercial advantage which belonged exclusively to" Dr. Brook (*LoPresti v Massachusetts Mut. Life Ins. Co.*, 30 AD3d 474, 476 [2d Dept 2006]).

Finally, plaintiffs failed to state a cause of action for prima facie tort as they failed to plead that disinterested malevolence was defendants' sole motive (*see Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 333 [1983]). Concur— Sweeny, J.P., Mazzarelli, Webber, Kahn and Kern, JJ.