Hakim v James (2019 NY Slip Op 00990)





Hakim v James


2019 NY Slip Op 00990


Decided on February 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2019

Sweeny, J.P., Tom, Webber, Kahn, Kern, JJ.


160687/16 8375N 8374

[*1] Kamran Hakim, et al., Plaintiffs-Appellants,
v
Letitia James in Her Official Capacity as the Public Advocate, et al., Defendants-Respondents.


Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Darren R. Marks of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (John Moore of counsel), for City of New York, respondent.
Emery Celli Brinckerhoff & Abady LLP, New York (Matthew D. Brinckerhoff of counsel), for Letitia James and The Office of The Public Advocate for The City of New York, respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered May 7, 2018, which granted defendants' motions to dismiss the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered March 13, 2017, which denied plaintiffs' motion for a preliminary injunction, unanimously dismissed, without costs, as moot.
Plaintiffs, two landlords and their managing member, were included on the Public Advocate's list of "The 100 Worst Landlords in New York City" (the Watchlist) in 2015 and 2016. They commenced this action seeking damages and an order enjoining the Public Advocate from publishing any Watchlist that includes them.
The mandamus cause of action was correctly dismissed, because the Watchlist is within the scope of the Public Advocate's powers as defined in the New York City Charter, at a minimum, "by necessary implication" (see Community Bd. 7 of Borough of Manhattan v Schaffer, 84 NY2d 148, 156 [1994] [internal quotation marks omitted]). The Charter provides that the Public Advocate "shall . . . monitor the operation of the public information and service complaint programs of city agencies and make proposals to improve such programs" (NY City Charter § 24[f]). The Watchlist aggregates and shares publicly available governmental data compiled by the City Departments of Housing Preservation and Development, Buildings, and Finance, thereby enhancing the accessibility of public information.
This information-sharing function of the Public Advocate is consistent with the legislative history of the Charter. As plaintiffs themselves note, in 1973, the first report of the newly created State Charter Revision Commission addressed the fact that citizens frequently did not know how to locate or obtain help from City officials or agencies, and the 1975 Charter revisions provided that the president of the council (later renamed Public Advocate) would oversee the coordination of city-wide citizen information.
The cases cited by plaintiffs in support of their mandamus argument are inapposite, as they address the very different question of the Public Advocate's authority to commence judicial proceedings (see Matter of James v City of New York, 154 AD3d 424 [1st Dept 2017], lv dismissed 32 NY3d 1036 [2018]; Matter of Madison Sq. Garden, L.P. v New York Metro. Transp. Auth., 19 AD3d 284 [1st Dept 2005], appeal dismissed 5 NY3d 878 [2005]; Matter of James v Donovan, 130 AD3d 1032 [2d Dept 2015], lv denied 26 NY3d 1048 [2015]).
The deprivation of due process claim was correctly dismissed because damage to reputation, the sole type of damage plaintiffs allege, does not constitute the requisite "stigma-[*2]plus" (Knox v New York City Dept. of Educ., 85 AD3d 439 [1st Dept 2011]; Sadallah v City of Utica, 383 F3d 34, 38 [2d Cir 2004]). Plaintiffs do not allege that the Watchlist has jeopardized their employment, career prospects, or corporate existence (compare Matter of Lee TT. v Dowling, 87 NY2d 699 [1996] [petitioner's future employment prospects in chosen field would be severely jeopardized]; Matter of Natasha W. v New York State Off. of Children & Family Serve., 145 AD3d 401 [1st Dept 2016] [petitioner would be essentially barred from pursuing career in chosen field], revd 32 NY3d 982 [2018]). Nor does NY City Charter § 24(i)-(l) support plaintiffs' due process claim, as it applies to the Public Advocate's investigations of city officers or agencies and is not relevant here.
The defamation claim is not sustainable because the Public Advocate is entitled to the privilege that attaches to statements she made while discharging a public function arising from the duties of her office (see Cosme v Town of Islip, 63 NY2d 908 [1984]; Duffy v Kipers, 26 AD2d 127 [4th Dept 1966]). Moreover, the phrase "Worst Landlords" is nonactionable opinion (see Gunduz v New York Post Co., 188 AD2d 294 [1st Dept 1992]; Miller v Richman, 184 AD2d 191 [4th Dept 1992]). The facts underlying the opinion were fully disclosed (see Gross v New York Times Co., 82 NY2d 146, 153 [1993]; Steinhilber v Alphonse, 68 NY2d 283 [1986]; cf. Guerrero v Carva, 10 AD3d 105, 114 [1st Dept 2004] ["the flyers . . . did far more than imply undisclosed facts; they directly invited the reader to call for more information"]). The title "100 Worst Landlords in New York City" is also not actionable because it does not name plaintiffs (see Chaiken v VV Publ. Corp, 907 F Supp 689, 698 [SD NY 1995], affd 119 F3d 1108 [2d Cir 1997], cert denied 522 US 1149 [1998]; cf. Schermerhorn v Rosenberg, 73 AD2d 276 [2d Dept 1980]).
The prima facie tort claim was correctly dismissed because the record demonstrates that motives other than "disinterested malevolence" lie behind the publication of the Watchlist (see Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 333 [1983]; Brook v Peconic Bay Med. Ctr., 152 AD3d 436, 438-439 [1st Dept 2017]). The Watchlist describes itself as "an information-sharing tool intended to allow residents, advocates, public officials, and other concerned individuals to identify which property owners consistently flout the City's laws intended to protect the rights and safety of tenants." As even plaintiffs note, in her interview with NY1, the Public Advocate stated that her goal was to shame the landlords into making a good faith effort to address the violations. In addition, their allegations of general, rather than special, damages render the pleading insufficient (see Leather Dev. Corp. v Dun & Bradstreet, 15 AD2d 761 [1st Dept 1962], affd 12 NY2d 909 [1963]).
In view of the foregoing, plaintiffs' appeal from the denial of their motion for a preliminary injunction is moot (Chalasani v Neuman, 91 AD2d 1030 [2d Dept 1983]; see also Hejailan-Amon v Amon, 160 AD3d 481, 483-484 [1st Dept 2018]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 7, 2019
CLERK