Brook v Peconic Bay Med. Ctr. (2019 NY Slip Op 03552)





Brook v Peconic Bay Med. Ctr.


2019 NY Slip Op 03552


Decided on May 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2019

Renwick, J.P., Richter, Tom, Kern, JJ.


650921/12 9243 9242 9241 9240

[*1]Adam Brook, M.D., Ph.D., Plaintiff-Appellant, Adam Brook, M.D., Ph.D., P.L.L.C., Plaintiff,
v
Peconic Bay Medical Center, et al., Defendants-Respondents,


Adam Brook, M.D., appellant pro se.
Garfunkel Wild, P.C., Great Neck (Lauren M. Levine of counsel), for respondents.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered July 16, 2017, which, insofar as appealed from as limited by the briefs, denied plaintiff Adam Brook's (plaintiff) motion for leave to renew to reinstate the defamation claim and for leave to amend the complaint to substitute George Keckeisen, M.D. and Paul Nataloni, M.D. for two of the "John Doe" defendants, unanimously affirmed, without costs. Order, same court and Justice, entered May 25, 2018, which, insofar as appealed from, denied plaintiff's motion to amend the complaint to add claims for negligence and gross negligence and for leave to renew to reinstate the defamation and breach of fiduciary duty claims, unanimously affirmed, without costs. Order, same court and Justice, entered August 16, 2017, which, insofar as appealed from, denied plaintiff's motion to strike the answer, unanimously affirmed, without costs. Order, same court and Justice, entered April 13, 2018, which, insofar as appealed from, denied in part plaintiff's motion to compel, unanimously affirmed, without costs.
Plaintiff Adam Brook, M.D., Ph.D., a cardiothoracic and general surgeon, brings suit against his former employer, defendant Peconic Bay Medical Center (PBMC), and its employees, in connection with PBMC's filing of an Adverse Action Report (AAR) with the National Practitioner Data Bank.
This Court previously affirmed the dismissal of plaintiff's defamation and breach of fiduciary duty claims (Brook v Peconic Bay Med. Ctr., 152 AD3d 436, 438-439 [1st Dept 2017]).
While plaintiff's first motion for leave to renew to reinstate the defamation claim was based on evidence that was apparently not available at the time of the prior motion to dismiss, the evidence does not alter this Court's prior conclusion that plaintiff failed to sufficiently allege malice to overcome the applicable qualified privilege (see Brook, 152 AD3d at 438-439). Plaintiff's second motion for leave to renew to reinstate the defamation and breach of fiduciary duty claims was improper insofar as plaintiff failed to offer any new facts in support of the new arguments made (see CPLR 2221[e][2]-[3]; Henry v Peguero, 72 AD3d 600, 602 [1st Dept 2010], lv dismissed 15 NY3d 820 [2010]).
Plaintiff's motion for leave to amend to substitute George Keckeisen, M.D. and Paul Nataloni, M.D. for two of the "John Doe" defendants was properly denied because the claims against these new defendants are time-barred. Contrary to plaintiff's claim, "[t]he proposed new defendants are not necessary parties inasmuch as the determination of the court will not adversely affect their rights" (C-Kitchens Assoc., Inc. v Travelers Ins. Cos. [Travelers Ins. Co.], 15 AD3d 905, 906 [4th Dept 2005]; see also CPLR 1001). The procedural device set forth at CPLR 1024 [*2]is also inapplicable because plaintiff was aware of both Keckeisen's and Nataloni's identities long before he sought to amend the complaint to add them as defendants. For the same reason, plaintiff has failed to demonstrate an "excusable mistake" as to these defendants' identities sufficient to support relation back (see Buran v Coupal, 87 NY2d 173, 178, 181 [1995]).
Plaintiff's motion for leave to amend to add new claims for negligence and gross negligence was properly denied because these claims are clearly devoid of merit (see CPLR 3025[b]; MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 499-500 [1st Dept 2010]). This Court has already rejected plaintiff's argument that PBMC owed him a duty - a necessary element of a negligence claim (see Brook, 152 AD3d at 439; Greenberg, Trager & Herbst, LLP v HSBC Bank USA, 17 NY3d 565, 576 [2011]).
Plaintiff's new argument that defendants' violation of Joint Commission on Accreditation of Healthcare Organizations (JCAHO) standards establishes negligence per se is unavailing. The JCAHO standards do not impose a statutory duty. Plaintiff's reliance on a Tennessee case - Kelley v Apria Healthcare, LLC (232 F Supp 3d 983, 1000-1002 [ED Tenn 2017]) - is misplaced. Kelley was a dispute between a patient and a health care provider - a context in which it is already clear that a duty exists and the JCAHO standards merely established the standard of care. By contrast, the instant dispute is between a hospital and a physician employed thereby - a context in which no duty generally exists (see Hernandez v Weill Cornell Med. Coll., 48 Misc 3d 1210[A], *2 [Sup Ct, Bronx County 2015]; People v Conlin, 2013 NY Slip Op 32895[U],*5-*6 [Sup Ct, NY County 2013]; see also Brook, 152 AD3d at 439).
Even if the JCAHO standards established a statutory duty, defendants' failure to raise them earlier, although they have been in existence throughout this litigation, constitutes a separate ground for denying leave to amend (see Matter of Group for S. Fork v Town Bd. of Town of Southampton, 285 AD2d 506, 508 [2d Dept 2001]).
Spoliation sanctions were appropriately awarded due to defendants' failure to institute a litigation hold when the duty to preserve evidence arose in July 2010 (see VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 45 [1st Dept 2012]). The motion court did not improvidently exercise its discretion in declining to strike the answer and instead awarding an adverse inference sanction because plaintiff was not deprived of the ability to litigate his claim as a result of this failure (see Arbor Realty Funding, LLC v Herrick, Feinstein LLP, 140 AD3d 607, 609-610 [1st Dept 2016]). Nor did the motion court improvidently exercise its discretion is setting the date range of the adverse inference sanction.
The motion court also did not improvidently exercise its discretion insofar as it denied plaintiff's motion to compel.
The motion court appropriately ordered that the underlying patient medical records be produced subject to a HIPAA-compliant protective order (see 45 CFR 164.512[e][1][ii][B], [iv], [v]). Even if personally identifying information were removed from these records, outside parties may still be able to discern the identity of the patient in the context of the case (see 45 CFR § 164.514[b][2][ii]). Moreover, plaintiff has failed to set forth any need for the records to be publicly available.
Plaintiff also failed to demonstrate a need sufficient to support his broad and burdensome requests to depose PBMC's Director of Network Services and Communications, for an affidavit detailing which documents were preserved and which were destroyed, and for metadata for all documents produced or logged - which requests constituted improper attempts to relitigate the prior spoliation motion.
Plaintiff's request that defendants provide a complete response to Interrogatory No. 13 was not yet ripe when the instant motion was made, as the deadline for defendants to serve their supplemental interrogatory responses had not yet elapsed.
Plaintiff's requests that defendants identify the names of individuals in distribution groups and of nonparty peer review participants are moot, as this Court has already ordered defendants to produce the latter (see Brook v Peconic Bay Med. Ctr., 162 AD3d 503, 505 [1st Dept 2018]) and the order on appeal granted plaintiff's request for the former.
This Court has likewise already ruled on plaintiff's request that defendants produce unredacted versions of all documents submitted to HHS in connection with him (see Brook, 162 [*3]AD3d at 504-505). We see no basis to disturb that ruling.
We do not reach plaintiff's argument that defendants should be compelled to identify the general subject matter of all documents on their privilege logs because it was not properly raised below.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2019
CLERK