Bradbury v Israel (2022 NY Slip Op 02754)

Bradbury v Israel

2022 NY Slip Op 02754

Decided on April 26, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 26, 2022

Before: Renwick, J.P., Kapnick, Gesmer, Moulton, Shulman, JJ. 

Index No. 65748/19 Appeal No. 15799 Case No. 2021-02688 

[*1]John Bradbury et al., Plaintiffs-Appellants-Respondents,
v
Marc Israel, Defendant-Respondent-Appellant, MIT National Land Services LLC et al., Defendants-Respondents, Luis "Berto" Antunano, Defendant.

Gallet Dreyer & Berkey, LLP, New York (Morrell I. Berkowitz of counsel), for appellants-respondents.
Carmel, Milazzo & Feil LLP, New York (Christopher P. Milazzo of counsel), for respondent-appellant.
Newmark Partners LP, New York (David A. Paul of counsel), for respondents.

Order, Supreme Court, New York County (Melissa Anne Crane, J.), entered June 22, 2021, which, to the extent appealed from, (1) granted the motion of defendant Marc Israel to dismiss the individual claims for breach of fiduciary duty and unjust enrichment asserted against him, (2) granted the motion of defendants MiT Land Services LLC (MiT) and Newmark Partners L.P. (Newmark) to dismiss the claims for unjust enrichment and tortious interference with contract and/or tortious interference with prospective business relations asserted against them, and (3) denied Israel's motion to dismiss the breach of contract claim asserted against him, unanimously affirmed, without costs.
The court properly denied dismissal of the first cause of action, for breach of contract against Israel. There were at least questions of fact surrounding whether the parties had entered into a joint venture, given the creation of the LLC, the parties' longstanding business relationship, and the uncontested payments from Israel to Bradbury. This case is distinguishable from Aksman v Xionwei Ju (21 AD3d 260, 260-261 [1st Dept 2005], lv denied 5 NY3d 715 [2005]) in light of the parties' course of conduct in forming the LLC and working together over the course of several years. A November 2013 email from Israel to Bradbury also raises issues of fact as to whether the parties agreed to share losses equally (Slabakis Schik, 164 AD3d 454, 455 [1st Dept 2018], lv denied 32 NY3d 912 [2018]).
The court properly dismissed the cause of action for tortious interference with contract. "It is well established that only a stranger to a contract, such as a third party, can be liable for tortious interference with a contract" (Koret, Inc. v Christian Dior, S.A., 161 AD2d 156, 157 [1st Dept 1990], lv denied 76 NY2d 714 [1990]; see also Ashby v ALM Media, LLC, 110 AD3d 459, 459 [1st Dept 2013], lv denied 22 NY3d 860 [2014]). Given that Israel was the sole owner and operator of MiT, and MiT could only act upon Israel's direction, MiT was also not a stranger to the contract.
The court also properly dismissed the tortious interference with prospective business relations claim. To support such a claim, it must be alleged that defendant's conduct was motivated solely by malice or to inflict injury by unlawful means going beyond mere self-interest or other economic considerations (Shared Communications Servs. of ESR, Inc. v Goldman Sachs & Co., 23 AD3d 162, 163 [1st Dept 2005]). Further, any conduct constituting "wrongful means" must be directed at the third parties with whom plaintiff sought to have the relationship (Rockwell Global Capital, LLC v Soriede Law Group, PLLC, 100 AD3d 448, 449 [1st Dept 2012]). There are no such allegations in the second amended complaint.
In addition, the court properly dismissed the individual claim for breach of fiduciary duty asserted against Israel. The court properly relied on Yudell v Gilbert (99 AD3d 108, 115 [1st Dept 2012]) in finding that the claim [*2]was derivative in nature as it seeks damages allegedly suffered by JBMI, and that the direct claims asserted were embedded in the derivative claims. It is well settled that a shareholder of a corporation lacks standing to pursue a direct claim to redress wrongs suffered by a corporation (Sajust, LLC v Mendelow, 198 AD3d 582, 582-583 [1st Dept 2021]).
Finally, the court properly dismissed the unjust enrichment claim as asserted against Israel, MiT, and Newmark. Any unjust enrichment or benefit from the alleged use by defendants of plaintiffs' property was at the expense of JBMI, not Bradbury (id.). The unjust enrichment claim as asserted against Newmark also fails because its relationship with plaintiffs was "too attenuated" to support this claim (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]). Indeed, plaintiffs' counsel admitted on the record that the parties had no relationship at all. Nor is there anything to suggest that it would be "against equity and good conscience" to allow Newmark to retain the benefits of its acquisition of MiT (Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [2012] [internal quotation marks omitted]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 26, 2022