Valkyrie AI LLC v PriceWaterhouseCoopers LLP (2024 NY Slip Op 06141)

Valkyrie AI LLC v PriceWaterhouseCoopers LLP

2024 NY Slip Op 06141

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Webber, J.P., Moulton, Mendez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 651828/23 Appeal No. 3187 Case No. 2024-00707 

[*1]Valkyrie AI LLC Doing Business as Reclassify AI, Plaintiff-Respondent-Appellant,
v
PriceWaterhouseCoopers LLP, Defendant-Appellant-Respondent, Sagence, Inc., et al., Defendants-Respondents.

Paul Hastings LLP, New York (Avi Weitzman of counsel), for appellant-respondent.
Wallace Neel PLLC, Pearl River (Wallace Neel of counsel), for respondent-appellant.
Kaufman Borgeest & Ryan LLP, New York (Brennan P. Breeland of counsel), for respondents.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered January 4, 2024, which, to the extent appealed from as limited by the briefs, denied the motion of defendant PriceWaterhouseCoopers LLP (PWC) to dismiss plaintiff's causes of action for unfair competition and tortious interference with contract, and granted defendants' motions to dismiss the claims against all defendants for tortious interference with prospective business relations, unanimously affirmed, with costs.
A plaintiff asserting an unfair competition claim must allege "the bad faith misappropriation of a commercial advantage which belonged exclusively to" the plaintiff (Brook v Peconic Bay Med. Ctr., 152 AD3d 436, 439 [1st Dept 2017] [internal quotation marks omitted]). A cause of action based on unfair competition may be predicated on the bad faith misappropriation of proprietary information or trade secrets (see e.g. Out of the Box Promotions, LLC v Koschitzki, 55 AD3d 575, 578 [2d Dept 2008]).
The court properly found that plaintiff Valkyrie AI LLC doing business as Reclassify AI (Reclassify) sufficiently alleged an unfair competition cause of action based on the misappropriation of its trade secrets against PWC. PWC's arguments that Reclassify failed to state such a claim because it purportedly did not allege that defendants Sagence, Inc. and Pierluigi Miraglia shared plaintiff's trade secrets with PWC  or that PWC used any such trade secrets in its business  are unavailing. Reclassify alleged that "Miraglia took off his proverbial Reclassify hat and put on a PWC hat," and that PWC and Sagence thus "pocketed Reclassify's know-how, trade secrets, and methods, then took over Reclassify's LCD Innovation Project at Morgan Stanley and ran it without interruption with Miraglia in the same spot." Reclassify also alleged that PWC was "no mere bystander," and that it openly admitted to acquiring Sagence for the specific purpose of obtaining its "AI-based value transformation roadmaps." Thus, contrary to PWC's argument, one need not make a "presumption" that Sagence shared the trade secrets with PWC based on these allegations.
Reclassify also sufficiently alleged bad faith in support of the unfair competition claim. Bad faith can be shown through acts of "fraud, deception, or an abuse of a fiduciary or confidential relationship" (Schroeder v Pinterest, Inc., 133 AD3d 12, 30 [1st Dept 2015]). In the days leading up to closing the acquisition, PWC allegedly strategized with Sagence about how to placate Reclassify with respect to the Morgan Stanley business, suggesting a "joint business relationship" with Reclassify or possibly making a cash payment to Reclassify, although these proposed solutions did not come to fruition. PWC's alleged actions were plainly deceptive.
PWC's argument that the unfair competition claim should have been dismissed because Reclassify failed to properly allege or describe the "trade secret" that PWC allegedly misappropriated also fails[*2]. A plaintiff is required to precisely identify the trade secrets it alleges that the defendant misappropriated (see e.g. Schroeder v Cohen, 169 AD3d 412, 412-413 [1st Dept 2019]). Further, a plaintiff's allegations of a trade secret must be "more than a collection of broad concepts" (id. at 413) and cannot be readily available to the public (Schroeder v Pinterest, 133 AD3d at 29). However, whether information constitutes a trade secret is generally a question of fact (id. at 28). As bolstered by the affidavit submitted from Reclassify's founder and CEO, Fatima Brown, plaintiff has sufficiently alleged the novelty and secrecy of its AI services and products to satisfy this element of a misappropriation of trade secrets claim.
The court also properly denied PWC's motion to dismiss the claim that PWC had tortiously interfered with Reclassify's restrictive agreements with Sagence and Miraglia.
To state a claim for tortious interference with contract, a plaintiff must allege "[1] the existence of a valid contract between the plaintiff and a third party, [2 ]defendant's knowledge of that contract, [3] defendant's intentional procurement of the third-party's breach of the contract without justification, [4] actual breach of the contract, and [5] damages resulting therefrom" (Lama Holding Co. v Smith Barney Inc., 88 NY2d 413, 424 [1996]). The complaint alleges that the acquisition was driven by PWC's desire to acquire Reclassify's semantic AI trade secrets and its lucrative Morgan Stanley contract, and to put itself in the shoes of Reclassify with respect to the LCD Innovation Project.
PWC performed due diligence leading up to the acquisition and thus knew about the restrictive agreements; it does not contest that it knew about those agreements or that Sagence and Miraglia breached them.
We note that malice and ill will are not affirmative elements of a tortious interference with contract claim, and need not have been pleaded to avoid dismissal (see e.g. Shared Communications Servs. of ESR, Inc. v Goldman Sachs & Co., 23 AD3d 162, 163 [1st Dept 2005]).
The court properly dismissed the tortious interference with prospective business relations claim against all defendants. To state a claim for tortious interference with prospective business relations, a plaintiff must allege (1) business relations with a third party, (2) the defendant's interference with those business relations, (3) the defendant acted for the sole purpose of harming plaintiff or used wrongful means, and (4) injury to the business relationship (see Thome v Alexander & Louis Calder Found., 70 AD3d 88, 108 [1st Dept 2009], lv denied 15 NY3d 703 [2010]). For this cause of action it must be affirmatively alleged that the defendant's conduct was motivated solely by malice or to inflict injury by unlawful means going beyond mere self-interest or other economic considerations (see Shared Communications Servs. of ESR, Inc. v Goldman Sachs & Co., 23 AD3d at 163).
While [*3]Reclassify bases this claim on the LCD Contract it had with Morgan Stanley, this was not a prospective business relationship — it was a current one.
The mere fact that Reclassify had a current contractual relationship with Morgan Stanley was not sufficient to establish the prospect of a future contract with Morgan Stanley (see e.g. Nicosia v Board of Mgrs. of the Weber House Condominium, 77 AD3d 455, 457 [1st Dept 2010]).
The court also properly dismissed the tortious interference with prospective business relations claim because it was duplicative of plaintiff's unfair competition claim. Both plaintiff's unfair competition and its tortious interference with prospective business relations claims are premised on the same allegations that, among other things, Sagence misappropriated Reclassify's semantic AI capabilities, which afforded Reclassify a competitive advantage, and which belonged exclusively to Reclassify as a function of having developed those capabilities for itself. As the acts complained of in both causes of action "completely overlap," the court properly dismissed the tortious interference with prospective business relations cause of action as duplicative (EVEMeta, LLC v Siemens Convergence Creators Corp., 176 AD3d 612, 613 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024