# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 16, 2026

Lyle W. Cayce
Clerk

———————

No. 24-40778

———————

John Doe, Medical Doctor, *Doctor* of Philosophy,

*Plaintiff—Appellant*,

*versus*

United States Department of Health and Human Services,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:24-CV-49

———————————————————

Before Haynes, Ho, and Oldham, *Circuit Judges*.

Andrew S. Oldham, *Circuit Judge*:

Dr. John Doe asked the Department of Health and Human Services to reconsider an administrative action. The Department said no on the ground that Dr. Doe was not eligible for reconsideration. But when Dr. Doe sued, HHS changed its tune. It said it had denied Dr. Doe's request for reconsideration because he failed to identify new evidence that justified reopening his case. We hold that change in the Department's position violates the venerable *Chenery* principle.

No. 24-40778

I

More than ten years ago, the Peconic Bay Medical Center placed an Adverse Action Report ("AAR") in Dr. John Doe's National Practitioner Data Bank file. Since then, Dr. Doe has engaged in a prolonged campaign to remove that AAR from his file. His first attempt was a petition to the Secretary of the Department of Health and Human Services ("HHS" or "the Department"), who is responsible for administering the databank. When that effort came up short, Dr. Doe filed a federal suit against HHS and various administrators in Washington, D.C. After significant litigation, Dr. Doe's suit was unsuccessful. *Doe v. Rogers*, 139 F. Supp. 3d 120, 170 (D.D.C. 2015) ("*Doe I*"); *[Doe] v. Rogers*, 656 F. Supp. 3d 78, 82–84, 97 (D.D.C. 2023) ("*Doe II*"), *aff'd sub nom. Doe v. Rodgers*, No. 20-5297, 2023 U.S. App. LEXIS 3540 (D.C. Cir. Feb. 14, 2023) ("*Doe III*"), *cert. denied*, 144 S. Ct. 328 (2023).

Dr. Doe then claimed that documents he found during the discovery process demonstrated that the AAR should be removed from his file.[1] Thus, he asked the Secretary of HHS to reconsider the Department's prior decision declining to remove the AAR. The Secretary rejected Dr. Doe's request. The Department's final agency action provided: "After review of the information available, as well as your request, it has been determined that [Dr. Doe is] not eligible for additional administrative review of the Report." Appellant's Suppl. Br. at 3, Dkt. No. 74.

---

[1] Before suing in the District of Columbia, Dr. Doe sued the National Practitioner Data Bank, his former employer, and various hospital employees in the Eastern District of New York and in New York state court. *[Doe] v. Peconic Bay Med. Ctr.*, No. 181 N.Y.S.3d 884 (N.Y. App. Div. 2023); *[Doe] v. Peconic Bay Medical Center et al.*, No. 2:10-cv-05588 (E.D.N.Y. filed Dec. 2, 2010); *[Doe] v. Peconic Bay Med. Ctr.*, 59 N.Y.S.3d 310 (N.Y. App. Div. 2017). Dr. Doe also claims that discovery in these actions generated documents demonstrating the agency erred when it refused to remove the AAR from his file.

No. 24-40778

So Dr. Doe filed this suit in the Eastern District of Texas. Among other claims, Dr. Doe argued that the Secretary violated the Administrative Procedure Act ("APA") in denying Dr. Doe's request for reconsideration. The district court dismissed Dr. Doe's claims. As to the APA, the court concluded that HHS's denial of reconsideration was unreviewable, since Dr. Doe had failed to present any new evidence. Dr. Doe appealed.

## II

The Supreme Court has been extremely clear: If the grounds that an agency gives to support its decision are "inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis." *Calcutt v. FDIC*, 598 U.S. 623, 629 (2023) (per curiam) (quotation omitted). It's a "simple but fundamental rule . . . that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency." *SEC v. Chenery Corp*, 332 U.S. 194, 196 (1947). This idea, called the *Chenery* principle, means that appellate courts "may not accept appellate counsel's post hoc rationalizations for the agency action." *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962). As the Court explained in *Burlington Truck Lines*, "*Chenery* requires that an agency's discretionary order be upheld, if at all, on the same basis articulated in the order by the agency itself." *Id.* at 168–69.

Our analysis begins and ends with HHS's stated ground for denying Dr. Doe's motion for reconsideration. The Department stated that Dr. Doe is "not eligible for additional administrative review of the Report." Appellant's Suppl. Br. at 3, Dkt. No. 74. But that is not true. The Department's guidance indicates that Dr. Doe *was* eligible for reconsideration. The Department has explained that, after receiving a

3

request like the one Dr. Doe submitted, one of two things will happen. "Either the previous decision will be affirmed" or a "revised final decision will be issued." U.S. Dep't of Health & Human Servs., *National Practitioner Data Bank Guidebook* F-10 (2018). Neither occurred here. Instead, the agency declined to follow that mandatory language and merely declared that Doe was not even eligible for the reconsideration that the agency itself promises. *See, e.g.*, *McLouth Steel Prods. Corp. v. Thomas*, 838 F.2d 1317, 1324 (D.C. Cir. 1988).

Before our court, HHS changed its story. Before us, the Department argued that it *did examine the new evidence* and then denied Dr. Doe's claims on the merits. So HHS said this court does not have jurisdiction to review the denial of reconsideration. But the agency did not say any of that to Dr. Doe in the administrative record. The *Chenery* principle prohibits us from crediting it now.

*

For the foregoing reasons, we REVERSE the district court's order dismissing Dr. Doe's APA claim and REMAND for further proceedings consistent with this opinion.

No. 24-40778

Haynes, *Circuit Judge*, concurring in part and dissenting in part:

I am okay with remanding to the district court. My viewpoint is the following:

Plaintiff John Doe, a physician proceeding here under a pseudonym, was found to have departed from the applicable standard of care during an appendectomy in 2009 at the Peconic Bay Medical Center ("PBMC"). During an investigation into the incident, Doe resigned. Pursuant to the Health Care Quality Improvement Act of 1986 ("HCQIA"), PBMC reported the incident and his resignation in an "Adverse Action Report" ("AAR") filed with the U.S. Department of Health and Human Services ("HHS"). Doe unsuccessfully challenged the AAR in HHS administrative proceedings. Doe also sued PBMC in New York state court and the HHS Secretary in the U.S. District Court for the District of Columbia, seeking to void the AAR. Both cases were dismissed.

In December 2023, Doe submitted a request for reconsideration to HHS and supported the request with evidence obtained during discovery in the New York litigation. HHS denied the request.

Following that decision, Doe, acting pro se, filed a complaint in the Eastern District of Texas. He asserted four causes of actions quoted here:

[1.]   THE HEALTH CARE QUALITY IMPROVEMENT ACT AS WRITTEN VIOLATES THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION.

[2.]   THE HEALTH CARE QUALITY IMPROVEMENT ACT IS UNCONSTITUTIONAL AS WRITTEN BECAUSE IT VIOLATES THE LEGISLATIVE VESTING CLAUSE OF THE U.S. CONSTITUTION.

No. 24-40778

[3.] THE HEALTH CARE QUALITY IMPROVEMENT ACT IS UNCONSTITUTIONAL AS APPLIED BY THE AGENCY TO PLAINTIFF DR. Doe.

[4.] THE AGENCY HAS VIOLATED THE ADMINISTRATIVE PROCEDURE ACT IN ITS CONDUCT OF ITS ADMINISTRATIVE REVIEW.

They were all dismissed by the district court. The following month, Doe got lawyers to represent him, and they filed an appeal to this court only addressing numbers 3 and 4 of the causes of action. Accordingly, I think we should affirm numbers 1 and 2 of the causes of action.

Turning to the two causes of action that were appealed to us, I view that, because he now has counsel, it makes sense for the district court to consider the more complete arguments regarding the two issues made by counsel in the first instance. I do not agree with us determining the decision at this point. In my view, because Doe acted pro se when opposing HHS's motion to dismiss below it makes sense to resend. Great deference is given to pro se litigants. *See e.g. Maleng v. Cook*, 490 U.S. 488, 493 (1989) (construing a petition "with the deference to which *pro se* litigants are entitled"); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (reversing a district court's dismissal of a pro se complaint). Applying this deferential standard, I believe Doe should be given opportunity to present the arguments made by counsel to the district court and let it rule in the first instance. Accordingly, I would do a limited remand to the district court to consider the more complete arguments made before us under numbers 3 and 4 to be considered by the district court in the first instance.

6